UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO JOHNSON,

    Plaintiff,

v.                                               Case No. 3:20-cv-473-J-34PDB

MARK S. INCH, SECRETARY
DEPARTMENT OF CORRECTIONS,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Antonio Johnson, a detainee at the Suwannee Correctional Institution (Prison), initiated this action by mailbox rule on May 4, 2020, by filing a pro se "Emergency Motion for Injunction and Temporary Restraining Order" (Motion; Doc. 1). In the Motion, Johnson requests that the Court order Defendant to a complete a transfer to another prison institution for protective proposes. Motion at 1. Due to the Covid-19 pandemic, the Prison instituted limitations that include halting transfers until the pandemic passes. Id. at 1-2. Johnson contends these limitations are "a pretext for indefinite confinement." Id. at 2. Additionally, Johnson seeks an order from the Court requiring Defendant to provide him with a charging station for his computer tablet. Id. at 2-3. The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the

opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018), cert. denied, No. 18-17, 2018 WL 3241787 (Oct. 1, 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Johnson has failed to carry his burden. Therefore, his Motion is due to be denied.

Moreover, Johnson is advised that the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Johnson has neither filed a civil rights complaint form nor provided the Court with all of the information required by the civil rights complaint form. Therefore, the Court will direct the Clerk of Court to send Johnson the proper form for his use if he chooses to refile. The filing fee for a civil rights action is $400.00. Johnson may file an Affidavit of Indigency if he does not have adequate funds to pay the full filing fee. In light of the foregoing, this case will be dismissed without prejudice to Johnson's right to properly initiate a civil rights case and address any allegedly unconstitutional actions on the part of Prison employees, and seek monetary damages, if he elects to do so.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Antonio Johnson's Motion (Doc. 1) is **DENIED.**

2. This case is hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile on the proper forms.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

4. The Clerk shall send a civil rights complaint form and an Affidavit of Indigency form to Johnson. If he elects to refile his claims, he may complete and submit the proper forms. Johnson should not place this case number on the forms. The Clerk will assign a separate case number if Johnson elects to refile his claims. In initiating such a case, Johnson should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) **or** pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Antonio Johnson #446897

3